IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Guadalupe Chavez Duarte,<br><br>    Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No.  CV 16-01209-PHX-JAT (DMF)<br><br>**REPORT AND RECOMMENDATION** |

**TO THE HONORABLE JAMES A. TEILBORG, UNITED STATES DISTRICT JUDGE:**

  Petitioner Guadalupe Chavez Duarte ("Petitioner" or "Duarte") is currently incarcerated in the Arizona State Prison Complex in Douglas, Arizona.  Petitioner was convicted of first degree murder after a jury trial in the Maricopa County Superior Court.  On August 27, 2001, he was sentenced to life imprisonment with the possibility of release after 25 years.  Petitioner filed a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition") (Doc. 1) on April 19, 2016.  On May 4, 2016 (Doc. 4), the Court required an answer to the Petition.  Respondents filed a Limited Answer (Doc. 8), asserting, among other things, that the Petition should be dismissed as untimely under the Antiterrorism and Effective Death Penalty Act ("AEDPA").  Petitioner filed a Reply (Doc. 10), and the matter is fully briefed.  For the reasons below, the Court recommends that the Petition be denied as untimely because it was filed years after AEDPA's 1-year statute of limitations expired.

## I. BACKGROUND

### A. Proceedings Leading to Conviction and Sentence

After a jury trial in the Maricopa County Superior Court, Petitioner was convicted of first degree murder (Doc. 9-1 at 3). On August 27, 2001, he was sentenced to life imprisonment with no eligibility for release before 25 calendar years (Doc. 9-1 at 4).

### B. Appeal and PCR Proceedings

Petitioner appealed his conviction and sentence to the Arizona Court of Appeals (Doc. 9-4). His appointed counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 451 P.2d 878 (1969), stating that he had "found no arguable question of law that is not frivolous" and asking the court to search the record for fundamental error (Doc. 9-5). Petitioner did not file a pro se supplemental brief. On October 10, 2002, the Arizona Court of Appeals affirmed Petitioner's conviction and sentence (Doc. 9-2). Petitioner did not file a petition for review with the Arizona Supreme Court (Doc. 1 at 3).

Petitioner filed a notice of post-conviction relief, but on March 26, 2004, the post-conviction court dismissed Petitioner's post-conviction relief proceeding for failure to file a timely petition for post-conviction relief (Doc. 9-6). It is unclear whether the notice of post-conviction relief was timely, but for purposes of this Report and Recommendation, the Court will assume such was timely. Petitioner asserts he sought review of the dismissal in the Arizona Court of Appeals (Doc. 1 at 5), but the record does not support that assertion.[1] It is agreed that review of the post-conviction proceedings was not sought at the Arizona Supreme Court (Doc. 1 at 5; Doc. 9 at 5).

## II. PETITIONER'S HABEAS CLAIMS

In his April 19, 2016[2] Petition, Petitioner names Charles L. Ryan as Respondent

---

[1] Petitioner also asserts that he raised due process as the ground of his petition for post-conviction relief (Doc. 1 at 4), which is belied by the record (Doc. 9-6).

[2] This is the date Petitioner delivered the Petition to prison officials (Doc. 1 at 11), as indicated by the date he inscribed next to his signature, *see Houston v. Lack*, 487 U.S. 266, 270-71 (1988) (stating a legal document is deemed filed on the date a petitioner delivers it to the prison authorities for filing by mail); *Miles v. Prunty*, 187 F.3d 1104,

and the Arizona Attorney General as an Additional Respondent (Doc. 1). Petitioner raises two grounds for relief. In Ground One, Petitioner alleges that he received ineffective assistance of counsel in violation of the Sixth Amendment because he was interviewed by police when he was intoxicated and no blood or breath test was taken to determine his level of intoxication (Doc. 1 at 6). Petitioner also appears to assert that he was acting in self-defense (*Id.*). In Ground Two, Petitioner appears to allege that his Fifth and Fourteenth Amendment rights were violated because the government failed to disclose evidence favorable to him (Doc. 1 at 7).

Respondents assert the following regarding the Petition:

> Petitioner's habeas petition is untimely. In addition, Petitioner did not fairly present Ground One to the Arizona Court of Appeals. Thus, Ground One is procedurally defaulted, and Petitioner has not demonstrated cause and prejudice to excuse the default of that claim. Furthermore, Ground Two is insufficient to state a claim for habeas relief.

(Doc. 8 at 2).

### III. LEGAL ANALYSIS

#### A. AEDPA's Statute of Limitations and Tolling

A threshold issue for the Court is whether the habeas petition is time-barred by the statute of limitations. The time-bar issue must be resolved before considering other procedural issues or the merits of any habeas claim. *See White v. Klitzkie*, 281 F.3d 920, 921–22 (9th Cir. 2002). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs Petitioner's habeas petition because he filed it after April 24, 1996, the effective date of the AEDPA. *Patterson v. Stewart*, 251 F.3d 1243, 1245 (9th Cir. 2001) (citing *Smith v. Robbins*, 528 U.S. 259, 267 n.3 (2000)).

##### 1. One Year Limitations Period

Under the AEDPA, a state prisoner seeking federal habeas relief from a state court conviction is required to file the petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). As a general matter, AEDPA's 1-year

---

1107 (9th Cir. 1999) (applying the mailbox rule in the context of a habeas petition).

statute of limitations begins to run on the date on which the judgment against a petitioner became final either by the conclusion of direct review or the expiration of the time available to seek such review.  28 U.S.C. § 2244(d)(1)(A); *Jimenez v. Quarterman*, 555 U.S. 113, 118–20 (2009); *Hemmerle v. Schriro*, 495 F.3d 1069, 1073–74 (9th Cir. 2007) (noting that direct appeal is final upon expiration of time for seeking further appellate review).

After trial and sentencing, Petitioner appealed his conviction and sentence to the Arizona Court of Appeals, and the court of appeals affirmed his conviction and sentence on October 10, 2002.  Petitioner had 35 days, until November 14, 2002, to file a petition for review in the Arizona Supreme Court, but there is no record that he did so. *See* Ariz. R. Crim. P. 31.19(a); *State v. Rabun*, 162 Ariz. 262, 263, 782 P.2d 737, 739 (1989) (holding that a 5-day extension is warranted when a notice is mailed to the party who is required to act).  Accordingly, Petitioner's convictions became "final" on November 14, 2002, the day that Petitioner's time expired for filing a petition for review. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 654 (2012).  Therefore, in the present case, AEDPA's expired 1 year later, unless a timely PCR proceeding was filed, which would have tolled the limitations period. *See* section III(A)(2), *infra*.

2. Statutory Tolling

Under the AEDPA, the one-year limitations period is tolled during the time that a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2); *see also Lott v. Mueller*, 304 F.3d 918, 921 (9th Cir. 2002).  The post-conviction court dismissed Petitioner's post-conviction relief proceeding on March 26, 2004 (Doc. 9-6).  Petitioner then had 35 days to file a petition for review in the Arizona Court of Appeals, *see* Ariz. R. Crim. P. 32.9(c), Ariz. R. Crim. P. 1.3, which he failed to do.  (A prisoner is not entitled to the 90 days for filing a petition for writ of certiorari if he did not take the matter to the state supreme court. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 654 (2012).) Thus, the 1-year AEDPA limitation period began to run on May 1, 2004, and expired 1 year later, on May 1, 2005.  Petitioner did not file his habeas petition until April 19, 2016,

nearly 11 years late absent any equitable tolling.  *See* section III(A)(3), *infra*.

### 3. Equitable Tolling

The AEDPA limitations period may be equitably tolled because it is a statute of limitations, not a jurisdictional bar.  *See Holland v. Florida*, 560 U.S. 631, 645–46 (2010).  However, for equitable tolling to apply, a petitioner must show "(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstances stood in his way" to prevent him from timely filing a federal habeas petition.  *Id*. at 649 (quoting *Pace v. DiGuglielma*, 544 U.S. 408, 418 (2005)).  "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence."  *Holland*, 560 U.S. at 653 (internal citations and quotations omitted).

Whether to apply the doctrine of equitable tolling "'is highly fact-dependent,' and [the petitioner] 'bears the burden of showing that equitable tolling is appropriate.'"  *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005) (internal citations omitted); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006) ("Our precedent permits equitable tolling of the one-year statute of limitations on habeas petitions, but the petitioner bears the burden of showing that equitable tolling is appropriate.") ; *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (stating that equitable tolling is "unavailable in most cases," and "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule") (citations and internal emphasis omitted).  Petitioner must also establish a "causal connection" between the extraordinary circumstance and his failure to file a timely petition.  *See Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1060 (9th Cir. 2007).

Petitioner asserts that he is entitled to equitable tolling because  he "has just learned of counsels ineffective assistance during trial, due to never being on a yard with legal materials available to him" (Doc. 1 at 11).

A petitioner's *pro se* status, indigence, limited legal resources, ignorance of the law, or lack of representation during the applicable filing period do not constitute extraordinary circumstances justifying equitable tolling.  *See, e.g., Rasberry v. Garcia*,

448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."); *see also Ballesteros v. Schriro*, CIV-06-675-PHX-EHC (MEA), 2007 WL 666927, at *5 (D. Ariz. Feb. 26, 2007) (a petitioner's *pro se* status, ignorance of the law, lack of representation during the applicable filing period, and temporary incapacity do not constitute extraordinary circumstances). Further, a prisoner's "proceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim." *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000).

In *Ramirez v. Yates*, the petitioner argued that he had limited access to the law library and copy machine during the period in which he remained in administrative segregation. *Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009). In denying equitable tolling for that period of time, the Ninth Circuit has stated that "[o]rdinary prison limitations on [petitioner's] access to the law library and copier (quite unlike the denial altogether of access to his personal legal papers) were neither 'extraordinary' nor made it 'impossible' for him to file his petition in a timely manner. Given even the most common day-to-day security restrictions in prison, concluding otherwise would permit the exception to swallow the rule—according to [petitioner's] theory, AEDPA's limitations period would be tolled for the duration of any and every prisoner's stay in administrative segregation, and likely under a far broader range of circumstances as well." *Id.*; *see also Gutierrez-Valencia v. Ryan*, No. CV-12-01318-PHX-JAT, 2014 WL 1762978, at *5 (D. Ariz. May 5, 2014) (where petitioner did not allege a complete lack of access to his legal file, only his being housed in lock down status in a maximum security facility, court held that "Petitioner has not provided this Court with any specific details regarding what legal materials he was seeking and how they would be of assistance in his habeas filing . . . [and] Petitioner does not dispute that his lock down status is an ordinary prison limitation.").

Petitioner has failed to meet his burden of showing extraordinary circumstances or reasonable diligence that would justify equitable tolling. It is recommended that the Court find that Petitioner is not entitled to equitable tolling of AEDPA's one-year statute

of limitations.

## IV. CONCLUSION

Petitioner filed the pending Petition years after the expiration of the AEDPA statute of limitations and statutory and equitable tolling do not render the petition timely. Accordingly, the Petition is untimely under 28 U.S.C. § 2244(d)(1). Because the Petition is untimely, the Court does not consider Respondents' alternative grounds for denying habeas corpus relief. The Court recommends that the petition be denied and dismissed.

Assuming the recommendations herein are followed in the District Judge's judgment, the District Judge's decision will be on procedural grounds. Under the reasoning set forth herein, reasonable jurists would not find it debatable whether the District Court was correct in its procedural ruling. Accordingly, to the extent the Court adopts this Report and Recommendation as to the Petition, a certificate of appealability should be denied.

**IT IS THEREFORE RECOMMENDED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be DENIED and DISMISSED WITH PREJUDICE.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be DENIED because dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The parties shall have fourteen days within which to file responses to any objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United*

*States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure to file timely objections to any factual determination of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.  *See* Fed. R. Civ. P. 72.

Dated this 9th day of December, 2016.

Honorable Deborah M. Fine
United States Magistrate Judge