WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Guadalupe Chavez-Duarte,<br><br>    Petitioner,<br><br>v.<br><br>Charles Ryan, et al.,<br><br>    Respondents. | No. CV-16-01209-PHX-JAT<br><br>**ORDER** |

    Pending before this Court is Petitioner's Petition for Writ of Habeas Corpus. On December 9, 2016, the Magistrate Judge to whom this case was assigned issued a Report and Recommendation (R&R) recommending that this Court deny and dismiss the Petition because it is barred by the statute of limitations. Petitioner filed objections to the R&R.

    This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original); *Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1226 (D.Ariz. 2003) ("Following Reyna-Tapia, this Court concludes that de novo review of factual and legal issues is required if objections are made, 'but not otherwise.'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the [Magistrate Judge's] recommendations to which the parties object."). District courts are

not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("the court shall make a de novo determination of those portions of the [report and recommendation] to which objection is made.").

The R&R concludes that, after all statutory tolling, Petitioner's conviction became final on May 1, 2004; thus the one year statute of limitations expired on May 1, 2005. Doc. 11 at 4. The R&R then notes that the Petition in this case was filed on April 19, 2016, almost 11 years late. *Id*. at 4-5. Finally, the R&R concludes that Petitioner is not entitled to equitable tolling. *Id*. at 5-6.

Petitioner filed objections to the R&R. Doc. 12. Petitioner does not make any argument in his objections that would show his due diligence or the extraordinary circumstances necessary to obtain equitable tolling. *Id*. Accordingly, reviewing the R&R de novo, the Court adopts the conclusion that the Petition in this case is barred by the statute of limitations.

Therefore,

**IT IS ORDERED** that the Report and Recommendation (Doc. 11) is accepted and adopted. The objections (Doc. 12) are overruled. The Petition is denied and dismissed because it is barred by the statute of limitations and the Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that pursuant to Rule 11 of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court denies issuance of a certificate of appealability because dismissal of the petition is based on a plain procedural bar and jurists of reason would not find this Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 30th day of January, 2017.

_James A. Teilborg_
Senior United States District Judge